**Mark D. Estle, AZ Bar 029436**
**Buckley Madole, P.C.**
**7227 N. 16th Street, Suite 221**
**Phoenix, AZ 85020**
**Telephone: 602-626-5605**
**Fax: 602-626-5605**
**Mark.Estle@BuckleyMadole.com**

**Attorney for Secured Creditor**

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| In re | Case No. 4:14-bk-00414-BMW |
| Douglas Allan Carroll | Chapter 11 |
| Debtor(s), | **STIPULATION REGARDING PLAN TREATMENT OF US BANK NATIONAL ASSOCIATION'S LIEN ENCUMBERING REAL PROPERTY LOCATED AT 5570 N CATALINA SUNRISE LANE, TUCSON, ARIZONA 85743** |

**TO THE HONORABLE BRENDA MOODY WHINERY, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE U.S. TRUSTEE, AND OTHER INTERESTED PARTIES:**

U.S. Bank National Association, as Trustee relating to Chevy Chase Funding LLC Mortgage Backed Certificates Series 2006-3 ("Secured Creditor") and Debtor, Douglas Allan Carroll, by and through their attorneys of record, have conferred and hereby stipulate as follows:

**IT IS HEREBY STIPULATED:**

1. This matter affects the real property commonly known as 5570 N Catalina Sunrise Lane, Tucson, Arizona 85743 (the "Property"). The Property is encumbered by Secured Creditor's lien evidenced by Secured Creditor's Proof of Claim filed as claim number 5-1 in the amount of $666,108.98, including arrearage in the amount of $53,000.69.

2. The parties hereto agree that pursuant to its election under 11 U.S.C. §1111(b), Secured Creditor shall have a fully secured claim against the Property in the amount of $666,108.98 (the "Secured

Claim").

3. The Secured Claim shall be fully amortized over thirty (30) years, and shall be paid at a zero percent (0%) interest rate in monthly installments of principal payments only. The monthly payment on the Secured Claim shall be $1,850.30. Debtor shall tender monthly payments to Secured Creditor commencing on February 1, 2015 and continuing thereafter on the first of each month in accordance with the terms herein until which time the Secured Claim has been paid in full.

4. In addition to the payments described in paragraph 3 of this Stipulation, Debtor shall concurrently tender to Secured Creditor an additional monthly payment for Escrow, currently in the amount of $525.18. The exact amount of the escrow portion of the payment will be dependent upon future escrow analyses to be done on the account in accordance with the terms of the Note and Deed of Trust. However, if Secured Creditor so elects, Debtor shall be directly responsible for payment of the property taxes and/or hazard insurance.

5. In addition to the regular payments described in paragraphs 3 and 4 of this Stipulation, any amounts disbursed for escrow shall remain due and owing on the loan and will be calculated into the post-confirmation escrow analysis. Any escrow shortage created will be collected as part of the Debtor's future monthly payments. Debtor specifically reserves the right to object to the amount of any escrow shortage as may be determined by future escrow analyses.

6. Should the Debtor fail to tender payments as required under this Stipulation and the terms of the Confirmed Plan, Secured Creditor shall provide written notice to the Debtor at 5570 N. Catalina Sunrise Lane, Tucson, AZ 85743, or such other address subsequently provided by the Debtor, and if the default occurs while the above-captioned bankruptcy case remains active, to the Debtor's counsel indicating the nature of the default. If the Debtor fails to cure the default with certified funds after the passage of fifteen (15) calendar days from the date said written notice is sent, then Secured Creditor shall have immediate relief from the automatic stay of 11 U.S.C. §362 without further court order.

7. The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed hereunder.

8. At the request of Secured Creditor, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor is the borrower of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of this Stipulation.

9. In the event Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Secured Creditor shall retain its lien in the full, unmodified amount due under the Note and Deed of Trust and the Automatic Stay shall be terminated without further notice, order or proceeding of the Court.

10. In exchange for the foregoing, this Stipulation shall constitute a ballot voting in favor of the Debtor's Chapter 11 Plan or any subsequently filed plan.

11. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without Secured Creditor's express written consent. The terms of this stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan. In the event of a conflict between a provision of this Stipulation and any provision of Debtor's Chapter 11 Plan or any amendments of modifications thereto, the terms of this Stipulation shall control. Except as otherwise expressly provided herein, all remaining terms of the subject Note and Deed of Trust shall govern the treatment of Secured Creditor's Secured Claim.

12. This Stipulation may be executed in counterparts, and facsimile signatures shall be deemed originals.

**APPROVED AS TO FORM AND CONTENT:**

Dated: 1/27/2015                                           Dated: 1/27/2015

/s/Charles R. Hyde_____                              /s/Mark D. Estle_____
Charles R. Hyde                                            Mark D. Estle
Attorney for Debtor,                                       Attorney for Secured Creditor
Douglas Allan Carroll